## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM HOLT,<br>　　　　　Plaintiff,<br>　v.<br><br>SIMON'S AGENCY INC.,<br>　　　　　Defendants. | CIVIL ACTION<br><br><br>No. |

## COMPLAINT

### INTRODUCTION

This is an action for damages brought by a consumer pursuant to the Fair Credit Reporting Act ("FCRA"). Defendant wrongfully reported on his credit report the payment balance, history, and status of plaintiff's consumer credit account after plaintiff disputed it as paid in full with supporting documentation. After notice from plaintiff of a dispute, the defendant Credit Reporting Agencies (CRAs) conducted unreasonable investigations of the credit dispute resulting in continued wrongful reporting. Additionally, Defendant engaged in collection conduct to collect the debt after notice from Plaintiff that it was paid in full in violation of the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION

1.　Jurisdiction arises under the FCRA, 15 U.S.C. §1681p, 28 U.S.C. §1332, and 28 U.S.C. §1337 and under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court. Venue is proper in this district as all defendants do business here and the debt which is the subject of this lawsuit arose here.

### PARTIES

2. Plaintiff is WILLIAM HOLT, an adult individual and a consumer who resides at 9207 Woodenbridge Rd., Philadelphia, PA 19114.

3. Defendant SIMON'S AGENCY INC. is a corporation engaged in the business of consumer lending and servicing of student loans. Defendant has an address care of its registered corporate agent, Corporation Service Company. 2595 Interstate Drive, Suite 103, Harrisburg, PA 17110. SIMON'S is also a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

4. Non-parties, Experian, Equifax and Transunion are consumer reporting agencies (hereinafter collectively referred to as "the Agencies") as defined in 15 U.S.C. §1681(f) of the Act, regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b) of the Act, to third parties for monetary compensation.

**FACTUAL ALLEGATIONS**

5. Prior to the events hereinafter described, plaintiff paid a debt to RAYMOUR & FLANIGAN for two (2) pieces of furniture, a sofa and ottoman, in August 2020 ("the debt").

6. Thereafter in December 2022 Defendant began collection upon the debt by phone and letter and reporting on his credit alleging that the portion of the debt attributable to the ottoman was owed and unpaid.

7. On or about December 2022, plaintiff sent to the CRAs including Experian a letter with attachments disputing reporting of a balance owed for the debt of

$283.00 rather than the $0.00 owed and attached the proof of full payment (**Exhibit A**).

8. The Credit Reporting Agencies' reinvestigation verified with SIMON'S the inaccurate reporting of the debt in all respects that were disputed above.

9. The aforesaid credit reporting by the furnisher, SIMON'S, was inaccurate and incomplete.

10. The Agencies did not conduct a proper or adequate reinvestigation, but rather simply parroted inaccurate information furnished by SIMON'S contradicted by SIMON'S's own creditor client.

11. SIMON'S failed to conduct a proper reinvestigation, and instead verified as accurate that the alleged debts were owed by plaintiff.

12. Beginning in or around December 2023, despite the aforesaid contacts with SIMON'S, SIMON'S continued to place improper collection calls to plaintiff's phone regarding the debt.

13. As a result of the debt's continued derogatory reporting of the debt by Defendant, Plaintiff has suffered credit losses including but not limited to having been denied credit.

**Causes of Action**

### COUNT I - FAIR CREDIT REPORTING ACT

14. All paragraphs above are re-alleged as though fully set forth herein.

15. At all times material herein, Plaintiff is a consumer as that term is defined by 15 U.S.C. §1681a(c).

16. SIMON'S reported negative, misleading, and derogatory information to the credit bureaus by reporting the debt with a current balance owed and late payment

towards the debt after it was no longer owed.

17. Plaintiff has repeatedly contacted SIMON'S, both directly and through disputes to the Agencies, to dispute the information furnished to the credit bureaus, requesting that the false, negative and derogatory credit reporting be removed.

18. SIMON'S, instead of correcting the inaccurate reporting, re-verified it.

19. SIMON'S is still reporting false and inaccurate information as of the date of this complaint.

20. At all times relevant hereto, SIMON'S knew or should have known that it was reporting false, inaccurate, and derogatory information about plaintiff

21. Pursuant to 15 U.S.C. §1681s-2(b), a furnisher of information has a duty upon notice of dispute to conduct a proper investigation with respect to the disputed information and report the results of the investigation to the consumer reporting agency.

22. SIMON'S failed to conduct a reasonable and adequate investigation or reinvestigation.

23. SIMON'S has willfully and/or negligently failed and refused to remove the inaccurate credit information, but instead is misusing the credit reporting system as a club to coerce payment of a debt not lawfully due or owing.

24. SIMON'S has violated the Fair Credit Reporting Act by willfully and/or negligently failing to comply with the requirements imposed under 15 U.S.C. §1681s-2(b), including the failure to fully and properly investigate plaintiff's dispute and by failing to correctly report to each of the credit bureaus.

25. As a result of SIMON'S's willful, wanton, reckless, and/or negligent action, plaintiff has been damaged.

26. Plaintiff has suffered mental and emotional distress, worry, humiliation, embarrassment and damage to reputation as a result of said defendant's actions.

27. Plaintiff has suffered pecuniary loss, suffered credit damages and expended significant time and effort trying to correct his credit report.

### **COUNT II – Violations of the FDCPA**

28. The allegations above are re-alleged and incorporated herein by reference.

29. At all times relevant hereto Defendants were attempting to collect an alleged debt to it which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692d, Engaged in conduct the natural consequence of which is to harass, oppress, or abuse a person;

   b) §1692e, Used any other false, deceptive, or misleading representation or means in connection with the debt collection;

   c) §1692e(2), Misrepresented the character, amount, or legal status of the alleged debt;

   d) §1692e (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

   e) §1692e(10), Used false representation or deceptive means to collect a debt or obtain information about a consumer.

31. In the alternative, Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692f, Used any unfair or unconscionable means to collect or attempt to collect the alleged debt;

   b) §1692f(1), Attempt to collect any amount not authorized by the agreement

5

creating the debt or permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Statutory damages pursuant to 15 U.S.C. § 1692k;

B. Actual damages under the FDCPA;

C. Reasonable attorney fees and costs under the FDCPA.

D. Pursuant to 15 U.S.C. § 1681n(a)(1)(A), award actual damages, or not less than $100 and not more than $1,000 for the impermissible access of his credit report, whichever is greater;

E. Pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

F. Pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney fees; and

G. Grant such other and further relief as the court deems just and proper.

## TRIAL BY JURY

32.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

Dated: <u>Dec. 19, 2023</u>                                    /s/Robert P. Cocco
                                                               ROBERT P. COCCO, P.C.
                                                               Attorney for Plaintiff
                                                               By:  Robert P. Cocco, Esquire
                                                               Pa. Id. No. 61907
                                                               1500 Walnut Street, Suite 900
                                                               Philadelphia, PA 19102
                                                               (215) 351-0200